# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ALEXVENSKEE L. BROWN, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | | 3:07-CV-1398-K |
| ) | | ECF |
| BRAD LIVINGSTON, et al., ) | | |
|     Defendants. ) | | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action.

Parties: Plaintiff is a resident of Irving, Texas. No process has been issued in this case pending preliminary screening.

Statement of Case: On August 13, 2007, Plaintiff filed this action complaining of a three or four day delay in being released from confinement on August 10, 2005. He sought monetary relief.

On December 12, 2007, the magistrate judge issued a questionnaire to Plaintiff. On January 24, 2008, the court advised Plaintiff that he had failed to answer the questionnaire, and granted him an extension until February 8, 2008, to submit his answers to the questionnaire.

Findings and Conclusions: The Fifth Circuit Court of Appeals has approved the use of

questionnaires as a proper method to develop the factual basis of a *pro se* complaint. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint); *Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under former § 1915(d) is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint).

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to submit his answers to the magistrate judge's questionnaire. He has refused or declined to do so. Therefore, the court should dismiss this action without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b).

In the event a statute of limitations may bar re-prosecution of a suit dismissed under Rule 41(b) without prejudice, the scope of the district court's discretion is narrower. Where limitations "prevents or arguably may prevent" further litigation, the district court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not

prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).[1]

In this case, Plaintiff has a clear record of purposeful delay. This case has been pending for over six months, and this is not Plaintiff's first failure to comply with a court order. On October 2, 2007, Petitioner failed to submit an affidavit in support of his request to proceed in forma pauperis, and the magistrate judge recommended dismissal for want of prosecution. Following an order of the district court, Plaintiff submitted a new *in forma pauperis* motion, which the magistrate judge granted. The court is now in the process of screening Plaintiff's complaint under 28 U.S.C. § 1915(e)(2). To fulfill its screening function, the court issued a questionnaire to Plaintiff on December 12, 2007. Upon his failure to answer the questionnaire, the court granted him an extension of time to submit his answers until February 8, 2008. Plaintiff has again failed to comply.

In light of Petitioner's steadfast refusal to submit his answers to the magistrate judge's questionnaire, a lesser sanction would not prompt diligent prosecution. Plaintiff has a pattern of failing to comply with court orders. Moreover, absent Plaintiff's answers to the questionnaire, the court is unable to complete its screening function and determine whether his case is subject to summary dismissal or whether service of process should issue. Accordingly, the district court should exercise its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Plaintiff's claims.

---

[1] If a plaintiff's action would be barred by the statute of limitations, a dismissal under Rule 41(b) is tantamount to a dismissal with prejudice. *Berry*, 975 F.2d at 1191.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 21st day of February, 2008.

*Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.